# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: OCTOBER 1, 2009
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000770-MR

DATE 10/22/09 *KMy Klaber* D.C.

RAYMOND J. GARNER        APPELLANT

ON APPEAL FROM WHITLEY CIRCUIT COURT
V.        HONORABLE PAUL BRADEN, JUDGE
NO. 07-CR-00111

COMMONWEALTH OF KENTUCKY        APPELLEE

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant Raymond J. Garner was charged with and convicted of multiple crimes, including two counts of murder, stemming from a multiple car collision. On appeal, he argues that the trial court erred by allowing evidence that he was driving on a suspended license on the day of the accident, and by failing to give the jury a separate instruction outlining the hierarchy of possible lesser-included offenses. Finding no merit in either contention, Appellant's convictions are affirmed.

### I. Background

On the day of the accident, Appellant was in the process of moving from Tennessee to northern Kentucky. He, along with his brother and sister-in-law, spent the day loading his pickup truck and trailer for the move. The three drank beer as they worked. Appellant also took some prescription diazepam

(also known as Valium) that day. When the packing was done, Appellant's brother and sister-in-law left and drove north. Appellant remained behind to conclude some business related to the sale of his home. He also bought a box of wine.

Appellant began driving his truck and trailer north on I-75 later that evening. As he drove, Appellant drank wine. Just south of Williamsburg, Kentucky, he lost control of his truck, crossed the median into oncoming traffic, and struck a car being driven by Peter Pontikis in which his two sons were passengers, and then struck a van being driven by Cindy Haas, who was seven months pregnant, and in which six passengers were riding. Cindy Haas and her unborn fetus and one of Pontikis's sons died. Pontikis and his other son, along with two other people in the van, suffered serious injuries.

A test of Appellant's blood revealed an alcohol content of .18g/100mL and the presence of drug metabolites. Appellant had been convicted of driving under the influence twice in the five years preceding the accident. His driver's license was also suspended as a result of his latest conviction, which had occurred only two months before the crash.

Appellant was indicted for two counts of wanton murder; one count of fetal homicide; four counts of first-degree assault; one count of driving under the influence (DUI), third offense; and one count of driving while his license was suspended for DUI. Just prior to trial, Appellant entered a guilty plea to the DUI and driving while his license was suspended. At trial, the jury found Appellant guilty of the remaining charges. Appellant was sentenced to life in prison.

Appellant appeals to this Court as a matter of right. Ky. Const. § 110(2)(b).

## II. Analysis

### A. Evidence that Appellant's Driver's License Was Suspended

Appellant's first claim is that the trial court improperly allowed evidence that he was driving on a suspended license on the day of the crash. He argues that such evidence was both irrelevant and improper evidence of other bad actions under KRE 404(b).

During the jury selection process, the judge called the attorneys to the bench to inquire about the DUI and suspended-license counts. Defense counsel indicated that Appellant wanted to enter a guilty plea to those charges. The judge then stated that he would still read the DUI charge but without stating it was a third offense and would read the driving with a suspended license charge. A moment later, defense counsel objected to reading the suspended license charge to the jury since they would not be going to trial on it and stated that it was not relevant to the other charges. The prosecutor responded that it was relevant as to the wantonness element. The judge said that even with a plea of guilty, it was still part of the case and the jury would need to know, so he would simply tell them that he had been charged with the offense.

Just before opening statements, the judge reviewed the motion to enter a guilty plea on the two counts and granted it. Defense counsel then stated the motion was made "with [a] standing objection about the suspended driver's license."

3

However, it appears the prosecutor never introduced evidence of the status of Appellant's driver's license. The prosecutor did mention it in his opening statement, saying: "This defendant was also charged with driving under the influence and driving on a suspended license. He had no valid driver's license. But he has pled guilty to those charges, so you won't have to decide that. He has admitted and you will hear that he was driving intoxicated and that he had no license—it had been suspended—when he was driving." If any evidence of this was introduced in the prosecution's case, Appellant has failed to cite to it in the record. In its brief, the Commonwealth claims that no such evidence was introduced until Appellant and his brother mentioned it on direct-examination during the defense's case.[1]

Even assuming that evidence of the suspended driver's license could be error, it is not clear that there would be any such error to complain of. The prosecution's opening statement is not evidence, as this Court has on many occasions held. E.g., Stopher v. Commonwealth, 57 S.W.3d 787, 805-06 (Ky. 2001) ("We have consistently held that opening and closing arguments are not evidence and prosecutors have a wide latitude during both."). The trial court in this case emphasized this point by admonishing the jury that what was said in the openings and closings should not be considered as evidence. Thus, the

---

[1] While describing why Appellant was moving from Tennesse, his brother testified on direct that he had a job and planned to move in with a friend who worked at the same place. When asked about the reason for living with the friend, the brother replied: "He was going to move in with him because he knew he was going to lose his license and stuff and that was his ride back and forth to work everyday." Appellant testified similarly on direct, stating that he had planned to live with a friend with whom he had previously worked on a construction project and would be working with again. When asked why, he stated, "I was losing my license."

4

prosecutor's discussion in his opening statement could not be improperly admitted evidence.

Moreover, even had the prosecutor introduced such evidence in his case in chief, it would not have been improper, under either the requirement of relevancy or the general bar on evidence of other bad acts. The murders Appellant was charged with require a mental state of wantonness, which is defined as follows:

> A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

KRS 501.020(3).

That Appellant's license was suspended because of a prior DUI conviction was relevant because it showed that the state had rejected his driving privilege for engaging in illegal, dangerous behavior. The prior rejection of his driving privilege, especially for a DUI, helped show that his driving on the day of the crash was done with awareness of and conscious disregard of the risk that a deadly crash would occur as a result. Such evidence may be only slightly probative of this fact, but it is relevant, and thus satisfies the requirements of KRE 401.

This discussion also demonstrates why such evidence would not violate KRE 404(b). Though evidence of a suspended license does show other prior

5

bad acts (in this case, a DUI, if only circumstantially), its intended use was not to show character or action in conformity with that character. Instead, it would fall under the "other purpose" exception of KRS 404(b)(1) because it goes to show the state of mind of the defendant, which is an essential element of the crime of murder (and its lesser-included offenses).

Thus, this Court concludes that there was no reversible error related to evidence or mention of the suspension of Appellant's driver's license.

## B. Instruction on Lesser-Included Offenses

Appellant also claims that the trial court erred by not giving a jury instruction that "expressly delineated the hierarchy of the various charges," specifically by noting the relationship of second-degree manslaughter and reckless homicide as lesser-included offenses of wanton murder. Appellant tendered the following instruction at trial:

### Presumption of Innocence

> The law presumes the defendant to be innocent of a crime and the indictment shall not be considered as evidence or as having any weight against him. You shall find the defendant not guilty unless you are satisfied from the evidence alone and beyond a reasonable doubt that he is guilty. If upon the whole case you have a reasonable doubt that the defendant is guilty of some offense but have a reasonable doubt as to the degree of offense of which he is guilty, you will find him guilty of the offense of the lower degree. Second degree man slaughter [sic] is an offense of a lower degree, and reckless homicide is an offense of a lower [sic] than second degree man slaughter [sic].

Instead of giving this instruction, the trial court instead gave an instruction on the presumption of innocence that tracked the one laid out in RCr 9.56. The court also listed the authorized verdicts for the murder charges as:

6

MURDER

OR   SECOND DEGREE MANSLAUGHTER

OR   RECKLESS HOMICIDE

The substantive instructions on the lesser-included offenses followed the standard route of delineating between the possible lesser-included offenses by noting each lesser-included as an alternative method of finding guilt conditioned on there being insufficient evidence for a conviction under the prior instructions. For example, the first count of murder was covered by Instruction No. 3. Instruction No. 4 stated in relevant part, "If you do not find the Defendant guilty under Instruction No. 3, you will find the Defendant guilty of Second-Degree Manslaughter under this Instruction if, and only if, you believe...." Instruction No. 5 stated in relevant part, "If you do not find the Defendant guilty under Instruction No. 3 or 4, you will find the Defendant guilty of Reckless Homicide under this Instruction if, and only if, you believe...." The instructions for the second count of murder followed the same pattern.

These instructions sufficiently laid out the hierarchy of the offenses and presented the lesser-included offenses as alternatives to the higher offenses. There is no requirement under the current Rules of Criminal Procedure that a trial court give the sort of instruction that Appellant sought. See Butts v. Commonwealth, 953 S.W.2d 943, 946 (Ky. 1997), overruled in part on other grounds by Commonwealth v. McCombs, NO. 2007-SC-000127-DG, ___S.W.3d___, 2009 WL 735794 (Ky. Mar. 19, 2009) ("[A]n instruction [on reasonable doubt as to the degree of offense] is now viewed as unnecessary,

particularly when the same concepts are dealt with in other instructions.");
Carwile v. Commonwealth, 656 S.W.2d 722, 724 (Ky. 1983) ( "Under the Rule
of Criminal Procedure [RCr 9.56], courts are no longer required to instruct
upon reasonable doubt concerning the degree of the offense.").

This is not to say, however, that a court would necessarily err by giving
an instruction similar to that proposed by Appellant which specifically
described reasonable doubt as to the level of offense. As the Court noted in
Butts, "this language does not suggest that a court may never instruct on
reasonable doubt as to the degree of the offense ...." 953 S.W.2d. at 946. But
the Court went on to note that "the giving of any such further instruction
should be avoided." Id.

Nevertheless, this Court still cannot say that such instructions are
always improper. But if a situation arose where a trial court concluded that
such an instruction was desirable, caution is urged. Any court deciding to give
such an instruction must make sure the instruction is proper in form, because
improper reasonable doubt instructions are reversible error. Id. ("[O]ur
decisions...do not require that an instruction be given on reasonable doubt as
to the degree of the offense, but do require that when such an instruction is
given that it be given correctly."); 1 William S. Cooper & Donald P. Cetrulo,
Kentucky Instructions to Juries, Criminal § 2.02 cmt. (5th ed. 2006) ("[A]n
instruction on reasonable doubt as to the degree of offense is not required,
...[but] if one is given it should be done correctly."). For further discussion of
the subject, see the commentary and instruction examples in sections 2.02 to
2.03B of Justice Cooper and Mr. Cetrulo's book.

8

## III. Conclusion

For the forgoing reasons, the judgment of the Whitley Circuit Court is affirmed.

Minton, C.J.; Abramson, Cunningham, Noble, and Scott, JJ., concur. Schroder, J., concurs in result only. Venters, J., not sitting.

COUNSEL FOR APPELLANT:

David S. Hoskins
107 East First Street
Corbin, Kentucky 40701-1401

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Bryan Darwin Morrow
Office of the Attorney General
1024 Capital Center Drive
Frankfort, Kentucky 40601